TAYLOR, Presiding Judge.
The appellant, Keith Campbell, was convicted of possession of a controlled substance (cocaine), a violation of § 13A-12-212, Code of Alabama 1975, and of escape in the first degree, a violation of § 13A-10-31, Code of Alabama 1975. He was sentenced to 2 years in the penitentiary for his conviction for possession of a controlled substance and to 20 years for his conviction for escape in the first degree. Both sentences are to be served concurrently.
The state’s evidence tended to show that on the night of August 4, 1993, narcotics investigator Jimmy Hutto of the Enterprise Police Department was on routine patrol. He testified that he saw Darius Miles, who was also known as Darius Hicks, driving a 1985 white Chevrolet Camaro automobile. Hutto stated that he had recently given Miles a ticket for driving with an expired license tag and for driving without a license. Also, he testified that he knew that Miles was a convicted crack cocaine dealer. When Miles saw Hutto he drove into a driveway of a residence and then turned off his headlights. Hutto stated that he knew that Miles did not live at the residence. Hutto then parked nearby, where he could observe Miles, and turned off his headlights.
Less than a minute later, Miles backed out of the driveway and drove away. Hutto testified that he radioed the department for backup support because he planned to stop Miles, and he was afraid Miles might try to flee. Officer Jim Humphrey responded that he could provide backup for Hutto. Hutto then turned on his blue lights and stopped Miles. Miles stopped his car and immediately got out and started walking toward Hut-to’s car. Hutto testified that he told Miles to step back to his vehicle. He walked to Miles’s car and saw the appellant sitting in the front passenger’s seat trying to conceal an open beer can. Hutto asked the appellant how old he was and he told Hutto that he was 18.
Hutto testified that he then told the appellant to get out of the car because he was under arrest for violating the city’s open container ordinance. He told the appellant to place his hands on the car and he began a patdown search before handcuffing him. As Hutto was patting the appellant down near his chest shirt pocket, the appellant broke free and ran. Hutto testified that he grabbed the appellant’s shirttail but that the appellant slipped out of the shirt. Hutto began chasing the appellant. He testified that the appellant ran toward a kudzu-filled ditch approximately 10 feet deep.
Hutto pursued the appellant into the ditch. When he reached the bottom he shined his flashlight around trying to find the appellant. Hutto testified that he felt a blow to the right side of his chest. He immediately fell to his knees, lost his breath, and became disoriented for a moment. He then pulled his pistol from his holster. The appellant and *231 Hutto began struggling for Hutto’s pistol. During the struggle the pistol fired one time. Hutto testified that he managed to get the pistol back into the holster. They struggled for a few more seconds until Hutto was able to subdue the appellant. Other officers then arrived at the scene and handcuffed the appellant.
Hutto testified that he returned to where the appellant’s shirt had been dropped. In the shirt pocket he found a plastic bag containing five pieces of what was later identified as crack cocaine. Hutto seized the crack cocaine and placed it in an evidence envelope. He testified that he then turned it over to his shift commander, Lieutenant Bob Breed of the Enterprise Police Department. Breed testified that he gave the envelope to Corporal Steve Russell, a narcotics investigator with the Enterprise Police Department. Russell testified that he transported the crack cocaine to the Alabama Department of Forensic Sciences laboratory in Dothan, where he gave it David Thorne. Thorne testified that he kept it in a secure evidence locker until the next day when he turned it over to Mark Crews, the forensic scientist who performed the tests on the crack cocaine.
The appellant stipulated that Crews was an expert in the field of drug chemistry. Crews then testified that his tests showed that the material seized from the appellant was 609 milligrams of cocaine base, or crack cocaine.
I
The appellant first contends that the state failed to prove the chain of custody of the crack cocaine.
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, ie., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.’ Imwinkelreid, The Identification of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973).”
Ex parte Holton, 590 So.2d 918, 920 (Ala.1991).
The testimony presented by the state established the chain of custody from the time the evidence was seized until it was analyzed by Crews. The testimony did not reveal any “missing” links that would render evidence of the crack cocaine inadmissible. Holton, 590 So.2d at 920.
II
The appellant next contends that the trial court erred by denying his motion for a judgment of acquittal on the charge of escape in the first degree. Specifically, he contends that the state did not prove that he used physical force, a deadly weapon, or a dangerous instrument to effectuate his escape.
Section 13A-10-31, Code of Alabama 1975, in pertinent part, defines escape in the first degree as follows:
“(a) A person commits the crime of escape in the first degree if:
“(1) He employs physical force, a threat of physical force, a deadly weapon or dangerous instrument in escaping or attempting to escape from custody.”
The trial court agreed there was no evidence that the appellant used a deadly weapon or dangerous instrument. Therefore, the trial court instructed the jury only on the element of physical force.
Hutto testified that he felt a blow to his chest, which caused him to have difficulty breathing and to become disoriented. Then a struggle ensued where the appellant tried to take possession of Hutto’s pistol. This was sufficient evidence from which the jury could find that the appellant used physical force against Hutto in the course of escaping.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.